No. 13236

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

ROBERT WAYNE MILLER,

Defendant and Appellant.

---

Appeal from: District Court of the Second Judicial District,
Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

For Appellant:

Garnaas, Hall, Riley and Pinsoneault, Missoula,
Montana
Harold L. Garnaas argued, Missoula, Montana

For Respondent:

Mike Greely, Attorney General, Helena, Montana
Allen B. Chronister argued, Assistant Attorney
General, Helena, Montana
John G. Winston, County Attorney, Butte, Montana
Nadine D. Scott argued, Deputy County Attorney,
Butte, Montana

---

Submitted: June 3, 1977

Decided: AUG 15 1977

Filed: AUG 15 1977

THOMAS J. KEARNEY

---
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from the district court, Silver Bow County, in which Robert Wayne Miller was convicted of the crime of possession of dangerous drugs. From this conviction, he appeals.

Defendant was charged on January 15, 1975, in Butte with the crime of possession of dangerous drugs. On January 16, 1975, the court appointed public defender Mark Sullivan as defendant's counsel. On Thursday, May 21, 1975, the date the trial was to commence, Sullivan filed a motion to suppress evidence. This motion was denied as being untimely.

Trial commenced and after the state presented its case, discussion was had between the court and defendant regarding Sullivan's competency as his attorney. Defendant openly stated to the court that he was not satisfied with his counsel, Sullivan, and he wanted to obtain another attorney at his own expense. Sullivan moved for a mistrial. This motion for a mistrial was denied. Judge Freebourn continued the case until May 23, 1975.

Sullivan and defendant both contacted H. L. Garnaas, a Missoula attorney, to find out if Garnaas would take over the defense. Over the Memorial Day weekend, Miller did obtain the services of Garnaas and Garnaas appeared in court on Tuesday morning, May 26, 1975, with Sullivan. Garnaas moved for permission to represent defendant and to release Sullivan. The court discharged Sullivan from representing defendant, however, he was to remain in the courtroom as an officer of the court to aid Garnaas. Defense counsel was ordered to proceed with its case at which time Garnaas made an opening statement and rested. Instructions were settled, closing arguments were made and the case went to the jury. The jury returned a verdict of guilty. Defendant appeals.

The issue presented for review is whether defendant was

denied effective assistance of counsel by reason of his conduct or otherwise.

It is defendant's contention he was denied the assistance of counsel, a right guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution. He feels that Sullivan was ineffective in his representation by not submitting his motion to suppress certain evidence until the day of the trial. Defendant contends Garnaas's representation was inadequate because he had an unreasonably short period of time in which to prepare for trial, and he was not present to hear the state's case presented and to cross-examine witnesses.

Understandably, the standard against which an inadequacy of counsel claim must be measured is an extremely rigorous one. In the eyes of a convicted defendant, the judgment against him may well stand as incontrovertible proof that his counsel was inadequate. United States ex rel. Rosner v. Commissioner, N.Y. State Depart. of Corrections, 421 F. Supp. 781, 790. Thus, to prevail on a claim of constitutionally inadequate representation, a defendant must meet the burden of proving his counsel's performance was so woefully inadequate as to shock the conscience of the court and make the resultant proceeding a farce and mockery of justice. United States v. Currier, 405 F.2d 1039, 1043, cert. denied 395 U.S. 914, 89 S.Ct. 1761, 23 L ed 2d 228.

On January 16, 1975, the trial court appointed the public defender in Butte, Mark Sullivan, to represent defendant, and he did so at the arraignment on January 28, 1975. At the arraignment the court cautioned defendant there would be a jury trial sometime between February and June and he should maintain close contact with his attorney. In the interval between arraignment and trial Sullivan lost contact with defendant. Defendant finally called Sullivan a week to ten days prior to the May 21 trial date and stated he

knew Sullivan was no longer the public defender and that he had been trying to retain his own counsel. Sullivan cautioned defendant to do so promptly and to call him back the next day. Sullivan heard nothing further from defendant until the night before trial. This obviously placed Sullivan in the untenable position of having to prepare a case defendant had led him to believe would be prepared by another attorney. Defendant's conduct, in not keeping in contact with his attorney, put himself in a situation of not having ten days before trial to file a motion to suppress. This Court stated in McDonald v. McNinch, 63 Mont. 308, 316, 206 P. 1096, that a party who participates in or contributes to an error cannot complain of it. Defendant cannot complain of his attorney's failure to file the suppression motion timely, because the untimely filing was caused by his own inadvertance.

From a review of the district court record it appears Sullivan did an outstanding job in defendant's behalf during the state's case-in-chief, and came close to persuading the trial court to dismiss the charges when the state rested. Despite this record, defendant maintained he was not having a fair trial and that he was being inadequately represented. By the third day of trial (Friday) defendant had contacted and retained his present counsel, Garnaas, and the court granted a continuance until the next Tuesday.

When trial reconvened on that day, it was developed in the record that defendant contacted Garnaas's office in Missoula the preceding Thursday afternoon, but that Garnaas was only able to talk to defendant by phone on Saturday. During that conversation, defendant refused to go to Missoula to consult with his new attorney, Garnaas, because he was busy preparing the case himself! Thus, Garnaas was likewise placed in an untenable situation, since, while he would have had three full days (Saturday, Sunday, Monday) to consult with his client and prepare a defense, he was reduced

-4-

to a single telephone call.  However, Mark Sullivan did drive to Missoula on Saturday and brought Garnaas up to date on the case, the best he could.

Although the attorney client relationship is ordinarily a private matter, a defendant does not have the unbridled right to discharge counsel on the eve of trial.  United States v. Grow, 394 F.2d 182, 209;  State v. Bubnash, 139 Mont. 517, 366 P.2d 155.  While it is incumbent upon a trial court to allow new counsel time to prepare for trial, (State v. Blakeslee, 131 Mont. 47, 51, 306 P.2d 1103), the trial court allowed defendant from Friday afternoon until Tuesday morning to consult with Garnaas, which defendant declined to do.  Further, Garnaas had the assistance of Sullivan during the recess and, by the court's order, during the remainder of the trial as an officer of the court.  Defendant cannot discharge counsel who had adequately represented him and then complain of a violation of his constitutional rights.  State v. Forsness, 159 Mont. 105, 495 P.2d 176.

It is clear defendant was not denied effective assistance of counsel and the problems presented here were the result of defendant's own actions.

The judgment of the trial court and its denial of motion for a new trial are affirmed.

_____

We Concur:

_____
Chief Justice

_____

_____
Justices