No. 82-195

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JOHN D. LONG, a/k/a
WAYNE ARLO HALL, SR.,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Leo Gallagher, Helena, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
John S. Forsythe, County Attorney, Forsyth, Montana

Submitted on Briefs: June 9, 1983

Decided: September 29, 1983

Filed: SEP 29 1983

*Ethel M. Harrison*

———————————————————————
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendant appeals from a conviction of felony arson following jury trial in the Sixteenth Judicial District Court, Rosebud County. We affirm.

Defendant raises two issues:

(1) Did the District Court err in refusing to grant defendant's second request that a new attorney be appointed to represent him, after new counsel had previously been appointed?

(2) Was defendant denied effective assistance of counsel because of insufficient communication between defendant and court-appointed counsel?

In September 1981, defendant was working on the Brewer ranch near Forsyth, Montana. He was living in a trailer home owned and provided to him by his employers. Defendant was fired by the Brewers and shortly thereafter evicted from the trailer when he refused to leave. The day after defendant was evicted, the trailer was destroyed by an explosion and fire. Defendant's automobile was seen by witnesses at the trailer immediately before the blast and speeding away immediately after. Defendant had stated he intended to destroy the trailer. He was charged with and convicted of arson. He was sentenced to ten years incarceration and five years were suspended.

Garry P. Bunke of Forsyth was appointed to represent defendant. Defendant pleaded not guilty. His motion for reduction of bail was denied, but his motion for psychiatric evaluation at Warm Springs was granted. At the omnibus hearing, counsel indicated defendant would present an alibi or insanity defense. But the defendant was found competent and capable of assisting in his own defense. At trial, the State's evidence established that although defendant had been

in another town the day before the fire, he had been seen at the trailer the night before and the day of the fire.

In November and early December defendant wrote two letters to Judge Coate complaining about his attorney. He claimed Bunke was not adequately representing him and that Bunke had a conflict of interest because he had previously represented some local law enforcement officers in personal matters. A hearing on defendant's request was held December 4, 1981. The Court removed Bunke as defense counsel and appointed John Houtz to represent defendant. Defendant nonetheless said he would write the Bar Association regarding the matter.

Defendant wrote Judge Coate again on December 21, 1981, complaining that because Houtz was a partner of Bunke he should also be replaced, or defendant should be allowed to represent himself. In fact, Bunke and Houtz shared office space, but were not partners. The Court nonetheless ordered a hearing on defendant's request, which was held December 30, 1981. Defendant claimed he had received no legal advice from either attorney and that he thought unspecified additional actions should have been taken in his behalf. Judge Coate asked defendant for specific facts to show counsel was not adequately representing him. Defendant claimed that no one had explained the arson charge or his constitutional rights, even though Judge Coate had previously explained these matters to defendant. Houtz detailed the substantial work he had done on defendant's case. Defendant's request for new counsel was denied and a plea agreement was rejected by Judge Coate.

It was disclosed later that at defendant's initial interview with Houtz, defendant refused to cooperate with Houtz, tried to overturn the table and stalked out of the

3

room saying he wanted a new attorney. But defendant later contacted Houtz to discuss a plea change. Houtz apparently had advised defendant to plead guilty. This led to a plea agreement that was rejected by the Court at the December 30 hearing because defendant claimed to lack the requisite knowledge. In preparing for trial, Houtz discussed with defendant affirmative defenses that might be available, but suggested that the best strategy was probably a general denial of the charge, forcing the State to prove all elements of the crime.

Defendant wrote to Judge Coate again on January 7, 1982, saying that he still wanted a new attorney, that he "retracted" everything he had said while being represented by Houtz, and that he had "fired" Houtz on December 23, 1981. Defendant said if he wasn't given a new lawyer he would not "come to court or trial at all." He did attend trial, but there apparently had been little communication between the defendant and Houtz because defendant had refused to cooperate in preparation of the defense. The State's witnesses were cross-examined, but the defense did not call witnesses. Defendant was convicted after a three day trial and now appeals.

I.

Defendant first argues that the District Court erred in refusing to order substitution of defense counsel. He argues that his letters of protest made clear to the District Court that counsel could not render effective assistance, and that failure to replace Houtz was therefore error. We disagree.

In Peters v. State (1961), 139 Mont. 634, 366 P.2d 158, we stated:

> "The State of Montana provides one charged with crime with the assistance of counsel to be appointed by the District Court and paid by public

4

> funds. We do not question, that upon a proper showing, such counsel could be discharged by the Court and a substitution made, where it appears that failure to do so would substantially impair or deny the right of such assistance of counsel, but such discharge or substitution cannot be made by a defendant, unless defendant is able to provide such counsel at his own expense or desires to undertake his own defense, because the discretion of the Court must be exercised, and it is not bound to honor such requests without good reason." Peters, 139 Mont. at 636, 366 P.2d at 159 (emphasis added).

The District Court was correct in refusing to substitute counsel absent a showing that failure to do so would substantially impair or deny defendant's right to counsel. Defendant presented no specific details suggesting any lack of adequate representation by Houtz. Defendant's dissatisfaction with Houtz apparently stemmed from his erroneous belief that Houtz and Bunke were partners. Most of defendant's complaints were unrelated to the assistance of counsel issue. Consideration of requests to appoint new counsel is within the discretion of the District Court, and the determination of the District Court will be sustained absent an abuse of discretion. Good v. United States (9th Cir. 1967), 378 F.2d 934, 935.

Defendant argues that the District Court ignored his pleas for appointment of a new attorney, thereby assuring that defendant would not receive assistance of an attorney familiar with defendant's version of the facts. The record shows, however, that the District Court took defendant's requests seriously. It ordered two hearings on the counsel issue. The first hearing resulted in appointment of new counsel as defendant had requested. The second hearing, on December 30, 1981, failed to establish a basis for replacing Houtz. After careful consideration, Judge Coate felt appointment of a third attorney was unwarranted. That the Court took defendant seriously is shown by the Court's

refusal to accept defendant's change of plea after defendant claimed at that hearing to lack the requisite knowledge. Moreover, the statements of Houtz at that hearing supported the Court's determination that Houtz was rendering effective assistance. There was no showing that continued representation by Houtz would substantially impair defendant's right to counsel.

The District Court did not err in refusing to appoint a third attorney to represent defendant.

II.

Defendant next argues that he was denied effective assistance of counsel. Defendant was clearly entitled to reasonably effective assistance of counsel under State v. Rose (Mont. 1980), 608 P.2d 1074, 1081-82, 37 St.Rep. 642, 649-50. Defendant argues that because he and Houtz did not communicate there was no "meaningful relationship" between them, that this precluded Houtz from acting within the range of competence demanded of attorneys practicing criminal law, and that defendant was therefore necessarily denied effective assistance. We disagree.

The United States Supreme Court rejected the "meaningful relationship" argument in the recent case of Morris v. Slappy, No. 81-1095 (U.S. April 20, 1983). There, defendant's original court-appointed counsel was unexpectedly hospitalized about one week before trial and a new attorney was substituted. Defendant refused to cooperate with the second attorney despite the attorney's thorough preparation and statements to the Court that he was ready for trial. The Ninth Circuit Court of Appeals held that the Sixth Amendment right to counsel guarantees a "meaningful attorney-client relationship". The Supreme Court reversed, stating:

6

"The Court of Appeals' conclusion that the Sixth Amendment right to counsel 'would be without substance if it did not include the right to a meaningful attorney-client relationship,' 649 F.2d, at 720 (emphasis added), is without basis in the law. No authority was cited for this novel ingredient of the Sixth Amendment guarantee of counsel, and of course none could be. No court could possibly guarantee that a defendant will develop the kind of rapport with his attorney - privately retained or provided by the public - that the Court of Appeals thought part of the Sixth Amendment guarantee of counsel. Accordingly, we reject the claim that the Sixth Amendment guarantees a 'meaningful relationship' between an accused and his counsel." Morris v. Slappy, No. 81-1095, slip op. at 11-12 (U.S. April 20, 1983) (footnote omitted).

Lack of communication between defendant and defense counsel is not of itself basis for reversal on grounds of ineffective assistance of counsel.

Defendant cites various provisions of the ABA Standards in support of his argument. Yet, nothing in the record shows that counsel omitted anything required by the ABA Standards or the Sixth Amendment. Defendant concedes that no errors were committed by trial counsel. The record shows that defendant received not only adequate, but diligent and conscientious representation. This representation included filing of various motions with supporting memoranda, questioning the State's witnesses before and during trial and sentencing, pre-trial investigation, numerous interviews with defendant and meetings with the prosecutor. The essence of the attorney-client relationship is that the attorney provide the client with meaningful representation. There is no showing that Houtz failed in this case to provide defendant with such representation.

Defendant claims that because Houtz did not know his version of the facts, evidence which favored the defendant's story was not presented at trial. But defendant's claim that an available alibi defense was not presented is unsupported

by the record or other appropriate documentation. At trial, evidence that defendant claimed to be in another town at the time of the crime was clearly refuted by evidence that defendant was seen at the trailer the night before and the day of the crime. Defendant further argues that it is unknown what evidence might have been presented if Houtz had been familiar with defendant's story. But defendant alone is responsible for this omission, if in fact any omission occurred. Significantly, defendant offers no facts which could have been presented at trial but were not.

We have previously rejected ineffective assistance claims made by defendants who refused to cooperate in their own defense. In State v. Lopez (Mont. 1980), 605 P.2d 178, 37 St.Rep. 36, the District Court refused to substitute counsel after defense counsel submitted an affidavit stating that he was getting no cooperation from defendant in preparing a defense, that he would be unable at trial to do little more than sit at the counsel table, and that he would have difficulty representing defendant, although he would do his best despite defendant's refusal to cooperate. We rejected defendant's claim that the District Court's failure to remove defense counsel denied defendant a fair trial. We found that defense counsel had done his best under the circumstances and had provided an adequate defense. Because the problem was caused by the defendant's refusal to cooperate, we applied the general rule that ". . . a party who participates in or contributes to an error cannot complain of it." 605 P.2d at 181, 37 St.Rep. at 40. Similarly, in State v. Miller (1977), 173 Mont. 453, 568 P.2d 130, we held that the defendant could not claim ineffective assistance of counsel where the problems he complained of

resulted from his own actions. 173 Mont. at 457, 568 P.2d at 132-33.

Here, it is undisputed that the defendant refused to cooperate with Houtz. The record shows that defendant refused to accept the District Court's determination that he was not entitled to appointment of a third attorney. As in Lopez, we will not allow the defendant to complain of problems caused by his refusal to cooperate with defense counsel.

We hold that the lack of communication between defendant and Houtz did not deny defendant effective assistance of counsel. The record clearly shows that defendant received effective assistance of counsel. Moreover, any lack of communication between Houtz and defendant was caused by defendant's refusal to assist in his own defense.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9