No. 00-060

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 39

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ARVIN PETER GALLAGHER,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

Honorable Marge Johnson, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Appellate Defender, Helena, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; John Paulson,

Assistant Attorney General, Helena, Montana

Brant Light, County Attorney; Julie Macek, Deputy County

Attorney, Great Falls, Montana

Submitted on Briefs: September 7, 2000

Decided: March 1, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Arvin Gallagher (Gallagher) appeals the Eighth Judicial District Court order affirming its previous denial of his request for appointment of substitute counsel.

¶2 The sole issue on appeal is whether the District Court abused its discretion in denying Gallagher's request for appointment of substitute counsel. We affirm.

## Factual and Procedural Background

¶3 Having presented the facts and procedure of this case in an earlier appeal (State v. Gallagher, 1998 MT 70, 288 Mont. 180, 955 P.2d 1371), we set forth only the facts and procedure occurring subsequent to that appeal. On appeal, this Court remanded the case to the District Court for a hearing to determine the validity of Gallagher's complaints regarding his counsel. Following the hearing, the District Court found that Gallagher and his former attorney, LaFountain, had a substantial and continuing disagreement concerning what defense would be presented at trial. The court characterized the disagreement as a difference of opinion and emphasized that trial strategy, including choice of defense, is an attorney's prerogative. The court then concluded that the conflict did not result in a total lack of communication as claimed by Gallagher and affirmed its earlier decision denying Gallagher substitution of counsel.

## Standard of Review

¶4 It is within the sound discretion of the district court to rule on requests for substitution of appointed counsel, and absent an abuse of discretion, we will not overrule such a ruling. *Gallagher*, ¶ 10. In evaluating discretionary rulings, this Court considers whether the district court "acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." Groves v. Clark, 1999

MT 117, ¶ 25, 294 Mont. 417, ¶ 25, 982 P.2d 446, ¶ 25.

¶5 The Court reviews findings of fact to determine if they are clearly erroneous. Rule 52 (a), M.R.Civ.P. A district court's findings are clearly erroneous if they are not supported by substantial credible evidence, if the trial court has misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite and firm conviction that a mistake has been committed. Engel v. Gampp, 2000 MT 17, ¶ 31, 298 Mont. 116, ¶ 31, 993 P.2d 701, ¶ 31. Substantial evidence is that evidence that a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. Barrett v. ASARCO, Inc. (1990), 245 Mont. 196, 200, 799 P.2d 1078, 1080.

## Discussion

¶6 Did the District Court abuse its discretion in denying Gallagher's request for appointment of substitute counsel?

¶7 An indigent criminal's right to effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution and by Article II, Section 24, of the Montana Constitution. Wilson v. State, 1999 MT 271, ¶ 12, 296 Mont. 465, ¶ 12, 989 P.2d 813, ¶ 12. The right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Strickland v. Washington (1984), 466 U.S. 668, 685, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 692. The United States Supreme Court established a two-part test to determine when counsel is ineffective: 1) the defendant must show that counsel's performance was deficient, with a showing of errors so serious that assistance was not effective; and 2) the defendant must show that those errors prejudiced the defense and deprived defendant of a fair trial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

¶8 However, in a case decided the same day as *Strickland*, the United States Supreme Court created an exception to the *Strickland* standard, acknowledging that in certain circumstances, counsel's performance may be so deficient that a defendant need not prove the second element of the *Strickland* test. United States v. Cronic (1984), 466 U.S. 648, 659-60, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657, 668. In such circumstances, the *Cronic* test provides that prejudice may be presumed without inquiry into the actual conduct at trial. Montana has recognized that an irreconcilable conflict between attorney and client constitutes the type of situation that gives rise to a presumption of prejudice. *Wilson*, ¶ 17.

¶9 A trial court's duty, when considering a motion for substitution of counsel, is to make adequate inquiry into a defendant's complaint and to determine whether a conflict is so great as to result in a total lack of communication. State v. Morrison (1993), 257 Mont. 282, 285, 848 P.2d 514, 516. If the relationship between lawyer and client completely collapses, the refusal to substitute new counsel violates the defendant's right to effective assistance of counsel. United States v. Moore (9th Cir.1998), 159 F.3d 1154, 1158 (citing Brown v. Craven (9th Cir. 1970), 424 F.2d 1166, 1170).

¶10 In a hearing on motion for substitution of counsel, a defendant carries the burden of proof and must present material facts establishing a total lack of communication. Bare unsupported allegations are insufficient to warrant appointment of new counsel. State v. Zackuse (1991), 250 Mont. 385, 833 P.2d 142.

¶11 Gallagher asserts that the District Court erred in four distinct ways in affirming its earlier denial of his motion to substitute counsel. First, Gallagher alleges that the District Court should not have considered trial conduct in its decision to deny substitution of counsel. Gallagher relies on *Wilson* in arguing that the District Court, in evaluating his pretrial motion, should have considered the conflict between attorney and client only during the pretrial period. *Wilson*, ¶ 25.

¶12 We held in *Wilson* that when a case is remanded for further investigation into a defendant's pretrial complaints regarding his counsel, "the issue is not whether defendant received effective assistance of counsel at a subsequent trial, but whether his conflict with counsel was sufficient that it required substitution of counsel at the time the request was made." *Wilson*, ¶ 25. However, we have not held that a court may not make logical inferences from its own observations of attorney-client communication at trial, and Gallagher mistakenly relies on *Wilson* for that proposition. We hold that Gallagher failed to establish that the District Court abused its discretion by considering communication between Gallagher and LaFountain during trial.

¶13 Gallagher's second argument is that the court erred in requiring a complete lack of communication in order to find an irreconcilable conflict that necessitated appointment of new counsel. The cases relied on by Gallagher fail to support his second claim of error, as each case required evidence of a complete lack of communication, rather than simply a disagreement regarding a trial strategy, to establish an irreconcilable conflict. See e.g. *Craven,* 424 F.2d at 1169 (defendant did not testify in his own defense, and was forced to trial with an attorney "with whom he would not, in any manner whatsoever,

communicate"); United States v. Williams (9th Cir. 1979), 594 F.2d 1258 (defendant chose to proceed pro se rather than continue with appointed counsel); *Moore,* 159 F.3d at 1154 (attorney-client relationship suffered a complete collapse due in part to a conflict of interest and fact that the defendant physically threatened attorney); United States v. Walker (9th Cir. 1990), 915 F.2d 480, 484 (defendant refused to speak to attorney, did not testify on own behalf at trial and the court held "that the conflict between Walker and his attorney resulted in a total lack of communication preventing Walker from presenting an adequate defense").

¶14 Gallagher suggests that the District Court applied a standard that required absolute silence to establish a lack of communication. While we agree that absolute silence is not required to find a lack of communication, the plain language of the court's order indicates that the District Court did not require Gallagher to establish silence to prove a lack of communication. Rather, the court found that despite the disagreement regarding choice of defense, communication was sufficient to allow LaFountain to present an adequate defense, prepare Gallagher for trial, and question him at trial. Contrary to Gallagher's contention that the District Court "focused on the *fact* of communication, without regard to the *nature* of that communication," the record reveals that the court considered whether the communications between Gallagher and LaFountain were meaningful in the context of trial preparation. Thus, this claim also fails to establish abuse of discretion.

¶15 In his third claim of abuse of discretion, Gallagher asserts that the court incorrectly applied the two-part *Strickland* test for ineffective assistance of counsel to his claim of irreconcilable conflict. Gallagher acknowledges that the court recited the correct standard for Gallagher's claim of irreconcilable conflict, as previously established by this Court in *Wilson*, but claims that the court failed to *apply* that standard. His sole support for this argument is that the District Court, in denying substitution of counsel, relied on several cases that involved claims of ineffective assistance of counsel.

¶16 The court relied on those cases, however, not for their analysis of the *Strickland* test, but for the rule that a defendant's right to counsel includes neither a right to a particular attorney, nor a right to a particular defense. See e.g. Hawkins v. State (1990), 242 Mont. 348, 790 P.2d 990; State v. Albrecht (1990), 242 Mont. 403, 791 P.2d 760; United States v. Jerome (D. Nev. 1996), 933 F.Supp. 989, 996. The court did not err in relying on the cited cases for the time-honored rule that "[c]ourts must accord great deference to defense counsel's exercise of judgment in determining appropriate defenses and trial strategy."

¶17 Gallagher attempted to establish an irreconcilable conflict through proof of lack of communication, thereby raising a presumption of ineffectiveness. Accordingly, the District Court appropriately inquired into the relationship and communication between Gallagher and LaFountain. Gallagher has presented nothing to suggest the District Court abused its discretion in determining that Gallagher and LaFountain did not have an irreconcilable conflict.

¶18 Finally, Gallagher alleges that several of the District Court's findings of fact are clearly erroneous. To support his argument Gallagher cites to the court's findings that LaFountain made a tactical decision not to present the racial bias defense preferred by Gallagher and then points to testimony that LaFountain did not believe he had the skills to present that defense. However, LaFountain also testified that he thought a racial bias defense simply was not viable.

¶19 Although there is conflicting evidence in the record with regard to the findings of fact challenged by Gallagher, we will not substitute our judgment for that of the lower court where conflicting evidence, weight to be given witnesses' testimony, or their credibility is at issue. Burns v. Plum Creek Timber Co. (1994), 268 Mont. 82, 84, 885 P.2d 508, 509. LaFountain's testimony may be susceptible to alternate interpretations, but the District Court's findings of fact clearly have more than a scintilla of evidence to support them. After evaluating the testimony, the District Court arrived at its findings. We hold that the District Court's findings of fact are adequately supported by testimony and are not clearly erroneous.

## Conclusion

¶20 On remand, the District Court held that Gallagher failed to establish an irreconcilable conflict between himself and LaFountain resulting in a total lack of communication. On appeal, Gallagher has not demonstrated either that the District Court failed to consider the facts as they existed at the time the original motion was made, or that the court acted arbitrarily or unreasonably in denying Gallagher's motion for substitute counsel. We therefore affirm the District Court's denial of Gallagher's motion for substitute counsel.

¶21 As an additional matter, the District Court highlighted a discrepancy in our case law regarding the proposition that the Sixth Amendment right to counsel guarantees a "meaningful attorney-client relationship." In State v. Long, this Court agreed with the United States Supreme Court that the right to meaningful representation does *not* create a

right to a meaningful relationship. State v. Long (1983), 206 Mont. 40, 46, 669 P.2d 1068, 1071-72. In State v. Enright, this Court then incorrectly cited *Long* for the rule that an "accused has the right to a 'meaningful client-attorney relationship' with her attorney." State v. Enright (1988), 233 Mont 225, 229, 758 P.2d 779, 782. The mistake in *Enright* has, in turn, been repeated in three subsequent cases: State v. Morrison (1993), 257 Mont. 282, 285, 848 P.2d 514, 516; State v. Finley (1996), 276 Mont. 126, 142, 915 P.2d 208, 218; State v. Wilson, 1999 MT 271, ¶ 19, 296 Mont. 465, ¶ 19, 989 P.2d 813, ¶ 19. In Montana, while we recognize a right to meaningful representation, we have not adopted a rule that a defendant has the right to a particular type of relationship with his attorney. These cases, *Enright*, *Morrison*, *Finley*, and *Wilson* therefore mistakenly enunciate a rule we have not adopted and are hereby reversed insofar as they stand for the proposition that a criminal defendant has a right to a "meaningful client-attorney relationship."

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER