JUSTICE NELSON
dissents.
¶54 I join Justice Leaphart in his dissent. Additionally, I would hold that the trial court erred in denying Garner’s motion to withdraw his guilty pleas and in not appointing him counsel for the withdrawal-of-plea proceedings.
¶55 Justice Leaphart correctly points out that Garner exhibited sufficient indicia of ihcompetency that the trial court should have held a competency hearing. It flies in the face of logic and common sense-if not medical sense-that within the span of a few hours and during the course of the trial (which he referred to as a “joke”), Garner, acting without his prescribed psychotropic medication, fired his counsel, proceeded to represent himself, and then decided to plead guilty as the instructions were being settled.
¶56 This whole matter might have been avoided had the trial judge not erred by failing to conduct an appropriate inquiry as required by Faretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, to determine whether Garner was making a knowing and intelligent choice to forgo the benefit of counsel. Under Faretta, the court must advise the prospective pro se litigant of the dangers and disadvantages of self-representation. Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. Moreover, the waiver of counsel and invocation of the right to proceed pro se must be voluntarily made, State v. Colt (1992), 255 Mont. 399, 404, 843 P.2d 747, 750, and must be unequivocal, State v. Langford (1994), 267 Mont. 95, 99, 882 P.2d 490, 492, cert. denied, 513 U.S. 1163, 115 S.Ct. 1128, 130 L.Ed.2d 1090.
¶57 In my view, at least, the colloquy cited by the majority demonstrates that Gamer’s choice to represent himself was anything but knowing or intelligent. Gamer was dissatisfied with his counsel-whom he referred to as an “idiot.” His focus was entirely directed to what he considered to be his attorney’s failures and not to the business of his ability to represent himself and the dangers of doing so. And, as already noted, throughout all of this Garner did not have the benefit of his medications which might have enhanced his ability to give more considered deliberation to his situation and decision. The trial court’s Faretta examination was little more than a pro forma Q and A on the basics, such as stating the maximum sentence and asking; “Do you really want to do this?” and “Do you knpw what you’re doing?” The colloquy did not probe Garner’s mental competency (or, rather, the lack thereof) to represent himself and how that might be affecting his decision to represent himself.
¶58 Finally, I would hold that a proceeding to withdraw a guilty plea is a “critical stage” of the proceedings that requires the appointment of counsel. A defendant’s right to counsel arises at every critical stage *477 of the proceedings against him. Coleman v. Alabama (1970), 399 U.S. 1, 7, 90 S.Ct. 1999, 2002, 26 L.Ed.2d 387; United States v. Wadsworth (9th Cir. 1987), 830 F.2d 1500, 1510. In State v. Finley (1996), 276 Mont. 126, 144-45, 915 P.2d 208, 220, overruled on other grounds by State v. Gallagher, 2001 MT 39, 304 Mont. 215, 19 P.3d 817, we defined a “critical stage” as “any step of the proceeding where there is potential substantial prejudice to the defendant.” Finley involved a post-trial hearing to determine whether Finley’s complaints against his counsel were “substantial.” Finley, 276 Mont. at 131-32, 915 P.2d at 212.
¶59 The great weight of authority is that a withdrawal-of-plea hearing is a “critical stage” of the proceedings requiring the appointment of counsel. See United States v. Sanchez-Barreto (1st Cir. 1996), 93 F.3d 17, 20; United States v. Crowley (3rd Cir. 1976), 529 F.2d 1066, 1069; United States v. Garrett (7th Cir. 1996), 90 F.3d 210, 212; United States v. White (D.C. Cir. 1981), 659 F.2d 231, 233; State v. Harell (Wash. Ct. App. 1996), 911 P.2d 1034, 1035; Browning v. Commonwealth (Va. Ct. App. 1994), 452 S.E.2d 360, 362; Randall v. State (Okla. Crim. App. 1993), 861 P.2d 314, 316; Berry v. State (Ala. Crim. App. 1993), 630 So.2d 127, 129; Martin v. State (Ind. Ct. App. 1992), 588 N.E.2d 1291, 1293; Beals v. State (Nev. 1990), 802 P.2d 2, 4; Lewis v. United States (D.C. 1982), 446 A.2d 837, 841; People v. Holmes (Ill. App. Ct. 1973), 297 N.E.2d 204, 206; People v. Skelly (N.Y. App. Div. 1967), 281 N.Y.S.2d 633, 634.
¶60 Garner’s right to assistance of counsel was self-executing and remained until validly waived by him. See Spencer v. Ault (N.D. Iowa 1996), 941 F.Supp. 832, 840. Gamer, thus, had an automatic right to the assistance of counsel under Article II, Section 24 of the Montana Constitution and under the Sixth and Fourteenth Amendments of the federal constitution, during the stage at which he sought to withdraw his guilty pleas. Gamer did not waive this right and denial of counsel was per se prejudicial error. United States v. Cronic (1984), 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657.
¶61 For those reasons set forth in Justice Leaphart’s dissent and above, I also dissent.