JUSTICE WARNER
specially concurring.
¶25 I concur in the decision of the Court. I write separately in *505 response to the dissents.
¶26 The dissents are correct in that the Court is required to engage in a plain error analysis in order to determine that the doctrine does not apply. It is necessary to examine the record, which was done as stated in ¶ 14, and, after the analysis, the Court reached the conclusion that the asserted instructional errors do not result in a manifest miscarriage of justice, do not leave unsettled a question of the fundamental fairness of the trial, or do not compromise the integrity of the judicial process. See State v. Finley (1996), 276 Mont. 126, 137, 915 P.2d 208, 215, overruled on other grounds by State v. Gallagher, 2001 MT 39, ¶ 21, 304 Mont. 215, ¶ 21, 19 P.3d 817, ¶ 21.
¶27 Instruction No. 11, along with Instruction No. 8, which instruct on the necessity of a voluntary act, and the definitions of knowledge and purpose contained in Instruction Nos. 9 and 10, gave the jury instructions on the law concerning the necessity that Defendant act voluntarily. These instructions, along with Instruction Nos. 13 and 14, which both clearly and unequivocally require that the Defendant act with purpose or knowledge before he can be convicted, adequately instructed the jury. They are sufficient for the Court to conclude that Defendant had a fundamentally fair, if not perfect, trial. A defendant is entitled to a fair trial, not a perfect trial. A perfect trial is not possible. State v. Powers (1982), 198 Mont. 289, 300, 645 P.2d 1357, 1363; State v. Flamm (1974), 165 Mont. 128, 134, 526 P.2d 119, 122.
¶28 There are other important facts shown by the record, that must be taken into account in this case, that show that the integrity of the judicial process is not compromised by the result herein, and the conviction should not be reversed because of plain error. When the jury raised a question concerning the use of the term “voluntary,” along with the requirement of purpose or knowledge, the District Court acted properly by summoning the parties and soliciting their opinions. Defendant’s counsel agreed that the jury should simply be told to consider the instructions as given. This Court must not simply assume that Defendant’s counsel was careless, much less ineffective, in agreeing to this course of action. Most likely he was not at all careless.
¶29 It is probable that, when the jury expressed some confusion, Defendant’s trial counsel figured that his client was presented with a win-win situation. Astute counsel could well reason that if there was some jury confusion about what the prosecution had to prove, there was a good chance that such would lead to his client being acquitted; a verdict from which the State could not appeal. On the other hand, considering the jury’s question, counsel could reject any offer the judge *506 might make to correct the situation, and thereby create another ground for an appeal in the event of a conviction. Of course, there is no way to find out what the truth of the matter is without exploration in postconviction proceedings; which option is available under our decision today.
¶30 I concur with the Court’s decision.