JUSTICE NELSON
dissents.
¶31 I dissent from the Court’s decision on Issue 1.1 would reverse and remand for a new trial because of instructional error. I would, therefore, not address Issues 2 or 3.
¶32 The majority decline to engage in plain error review of a patently incorrect statement of the law in Instruction 11. It was not the State’s obligation to “only” prove that the defendant acted voluntarily. Rather, as stated in Instructions 13 and 14, it was the State’s burden to prove beyond a reasonable doubt that Rinkenbach acted purposely or knowingly.
¶33 The trial court’s instructions were inconsistent with each other. And, indeed the record shows that the jury did not understand what the State’s mental state burden of proof was. During deliberations, the jury sent out a question expressing its confusion about the voluntary element of Instruction No. 11:
Question: Instruction #11 is unclear in regards to the word voluntarily. Could you re-word this? Does voluntarily constitute purpose or knowledge?
¶34 As a result, it is impossible for this Court, on appellate review, to know whether the State met its burden of proof-i.e., did the jury believe that Rinkenbach merely acted voluntarily or did it find, as it must, that he acted purposely or knowingly?
¶35 Ostensibly to punish “careless counsel,” the majority ignore this Court’s decision in State v. Sigler (1984), 210 Mont. 248, 688 P.2d 749, overruled in part by State v. Rothacher (1995), 272 Mont. 303, 308-10, 901 P.2d 82, 85-87, and, instead, apply State v. Earl, 2003 MT 158, 316 Mont. 263, 71 P.3d 1201. This approach is flawed in several respects.
¶36 First, it is not “careless” defense counsel who will suffer from the trial court’s failure to properly instruct the jury, it is Rinkenbach. Second, our case law is clear:
The duty of the trial court to instruct the jury has been generally recognized as one that is necessary and inherent in the court.
“ * * * In instructing the jurors, we must assume that they have no knowledge of the rales of law and that therefore, they must be instructed on all points of law which, under any reasonable *507 theory, might be involved in their deliberations, to the end that their decision will be according to the law and the evidence and untinged by any private and possibly false opinion of the law that they entertain.”

While the necessity to instruct and to properly instruct is no doubt greater in a criminal case because of the fundamental constitutional protections, the above statement serves to underline the importance of the trial judge’s function to instruct the jury in all cases-civil as well as criminal. That duty cannot be delegated to counsel.

Jury instructions are crucial to a jury’s understanding of the case and, unfortunately, counsel cannot always be relied upon to provide those instructions.
“It is the inescapable duty of the trial judge to instruct the jurors, fully and correctly, on the applicable law of the case, and to guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth. The court must instruct the jury properly on the controlling issues in the case even though there has been no request for an instruction or the instruction requested is defective.”
Billings Leasing Co. v. Payne (1978), 176 Mont. 217, 224-25, 577 P.2d 386, 390-91 (internal citations omitted; emphasis added). Accordingly, the District Court’s failure to properly instruct the jury cannot be foisted off on “careless counsel.”
¶37 Third, neither Sigler nor Earl support the Court’s decision. In Sigler,[1] we engaged in plain error review, notwithstanding the defendant’s failure to object to the trial court’s instructions. Sigler, 210 Mont. at 257, 688 P.2d at 753-54. We discussed at length and within the context of jury confusion the interplay between the mental states of purposely and knowingly and the requirement that the defendant act voluntarily. In Sigler the District Court correctly instructed the jury, and the instructions which we affirmed contained none of the inconsistent use of terms as did those in the case at bar. Sigler, 210 Mont. at 256-61, 688 P.2d at 753-55.
¶38 Earl also involved claims of instructional error raised for the first time on appeal with a request for plain error review. Earl, ¶¶ 22-25. Without citation to or consideration of Sigler, we stated that we would *508 not engage in plain error review so as not to provide “a prophylactic for careless counsel,” Earl, ¶ 25. Nonetheless, as Justice Regnier, the author of Earl, explains in his dissent, the Court did, in fact, review the record and, did, in fact, determine on the basis of that review that the trial court had properly instructed the jury. Moreover, it was on the basis of this review that the Earl Court determined that the threshold question under Finley-whether failing to review would result in a “manifest miscarriage of justice, leave unsettled the question of fundamental fairness ... or compromise the integrity of the judicial process”-should be answered in the negative. Earl, ¶ 26.
¶39 Thus, while nominally declining to engage in plain error review, the Earl Court, nevertheless, did exactly that. The Court simply determined, however, that there was no plain error. Indeed, because there is nothing procedurally or factually that distinguishes Earl from Sigler, it is clear that neither case supports the majority’s decision here.
¶40 As to the concurrence, while the accused is not entitled to a perfect trial, he is constitutionally entitled to a fair trial. Lutwak et al. v. United States (1953), 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593; Brown et al. v. United States (1973), 411 U.S. 223, 231, 93 S.Ct. 1565, 1570, 36 L.Ed.2d 208; Michigan v. Tucker (1974), 417 U.S. 433, 446, 94 S.Ct. 2357, 2365, 41 L.Ed.2d 182. State v. Flamm (1974), 165 Mont. 128, 134, 526 P.2d 119, 122. The concurring Justice can speculate all day about what was in the minds of the jury. The fact is he does not know and none of the rest of us do either. What we do know-from the record itself-is that the jury’s note to the trial court stated that they were confused. And, it was the trial court’s patently erroneous instructions which confused them.
¶41 Finally, in choosing to ignore, Billings Leasing and Sigler and in misapplying Earl, we have not only failed in our obligation to protect the fundamental rights of the accused to a fair trial-Finley, 276 Mont. at 134-35, 915 P.2d at 213-14-but we have also confused this area of the law. While we have punished “careless counsel,” we have accomplished little else.
¶42 I dissent.
JUSTICE COTTER joins in the dissent of JUSTICE NELSON.

 This case was decided long before this Court’s decision in State v. Finley (1996), 276 Mont. 126, 915 P.2d 208, overruled on other grounds by State v. Gallagher, 2001 MT 39, 304 Mont. 215, 19 P.3d 817.