CHIEF JUSTICE GRAY,
dissenting.
¶40 I respectfully dissent from the Court’s determination that Carter’s appeal is properly before us. Nor do I agree with the Court that the theory now advanced was not “available” to him at trial. I would hold the appeal is not properly before us and, on that basis only, affirm the District Court.
¶41 As the Court properly observes, Carter’s counsel asserted hearsay objections to the evidence at issue during his trial. He has now abandoned those objections and raises a new theoiy on appeal. As the Court also properly observes, we generally do not consider arguments first raised on appeal. We should follow that longstanding general rule here.
¶42 Instead, the Court first begins by stating Carter’s Confrontation Clause argument was not available at trial, and goes on to note that the argument is based on the U.S. Supreme Court’s recent Crawford decision. It is true that the Crawford decision was not available during Carter’s trial. That does not, however, equate to the argument being unavailable. Confrontation Clause arguments pursuant to the Sixth Amendment to the United States Constitution have been available since that Clause became applicable to the states via the Fourteenth *439 Amendment. Equating the unavailability of a particular court decision to the unavailability of the Sixth Amendment argument simply enables counsel to neglect consideration of available constitutional challenges until such time as another lawyer has had the foresight to make such an argument in her or his case, and then piggyback onto the other lawyer’s sound thinking and resulting success. I am not persuaded the Court is wise in encouraging such conduct by Montana lawyers in representing defendants in criminal cases.
¶43 Moreover, I am very concerned over how far afield the Court had to search in order to determine this appeal is properly before us. It cites to a number of “ways out” of the general rule, such as the “exceptions” in the civil cases of Cottrill, Kudrna, Eastman and Petition to Transfer. The Court does not clearly point out that those were civil cases-and understandably so, since different “exceptions” apply in the criminal case arena.
¶44 Indeed, the two most common “exceptions” to the general rule of no new theories on appeal in criminal cases are § 46-20-701, MCA, and the common law “plain error” doctrine we apply very sparingly. See State v. Finley (1996), 276 Mont. 126, 915 P.2d 208, overruled on other grounds by State v. Gallagher, 2001 MT 39, ¶ 21, 304 Mont. 215, ¶ 21, 19 P.3d 817, ¶ 21. The Court does not mention these authorities for occasionally allowing a criminal defendant on appeal to raise a new theory. The reason the Court avoids these approaches, and searches out others, may be that Carter does not raise these either.
¶45 In fairness, I note that the Court advances Hardy, a criminal case, as an appeal “similar” to the one we face here. The Court includes only a few sweeping statements about Hardy in its opinion. In fact, no basis at all is set forth in Hardy for the decision to “review th[e] alleged error” raised for the first time on appeal.
¶46 The only basis on which Carter relies in requesting that he be permitted to raise the Confrontation Clause issue from Crawford is our decision regarding retroactivity in State v. Whitehorn, 2002 MT 54, 309 Mont. 63, 50 P.3d 121. Again, the Court does not rest its analysis of why this appeal is properly before us on that sole case cited by Carter; one can only speculate about why. Instead, the Court advances Goebel, a case which predated Whitehorn, as support for its observation that appellate review of Carter’s argument “flows logically from” the requirements of retroactivity. Does the Court mean that retroactivity law requires review of Carter’s argument? If so, the Court should clearly state why that is so. If not, what precise basis is the Court advancing for its conclusion that we “are compelled” to take into *440 account the “unique” circumstances of the appeal before us with respect to “the recent development in Confrontation Clause jurisprudence.”
¶47 Perhaps the broadest-and most frightening-statement the Court makes in searching for a “way out” in the present case is the following:
[I]t is evident that in the same way which we are not bound to render decisions based solely on the reasoning offered by appellate counsel, our review is not necessarily restricted by trial counsel’s failure to preserve a specification of error for appeal.
No authority is cited for this statement. But a fair reading makes it clear that the Court intends to recognize no bounds in reaching an issue it wants to reach at any time and in any case. I suspect this unsupported statement will be quoted in future cases when the Court does not wish to conduct itself within any applicable parameters.
¶48 The Court having failed to set forth an adequate basis-from applicable cases-for its decision that Carter’s appeal is presently before us, I dissent from its conclusion in that regard and would not address the issue raised.
JUSTICE RICE joins in the foregoing dissenting opinion of CHIEF JUSTICE GRAY.