JUSTICE NELSON
specially concurs.
¶45 I agree that we should decline to exercise plain error review of Deputy Power’s comment. Opinion, ¶ 25.1 would, therefore, leave it at that and not go on, as the Court does, to conduct plain error review. Opinion, ¶¶ 24-25. See State v. Jackson, 2009 MT 427, ¶ 75, 354 Mont. 63, 221 P.3d 1213 (Nelson, J., specially concurring).
¶46 “[P]lain error” is defined as:
An error that is so obvious and prejudicial that an appellate court should address it despite the parties’ failure to raise a proper objection at trial. • A plain error is often said to be so obvious and substantial that failure to correct it would infringe a party’s due-process rights and damage the integrity of the judicial process.
Black’s Law Dictionary 622 (Bryan A. Garner ed., 9th ed., Thomson Reuters 2009) (emphases added). Plain error review is a matter of judicial discretion. See State v. Finley, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996), overruled on other grounds, State v. Gallagher, 2001 MT 39, ¶ 21, 304 Mont. 215, 19 P.3d 817. Thus, if we decide not to exercise plain error review, as we have decided in the instant case, Opinion, ¶ 25, then we should not discuss the merits of the appellant’s claim. Indeed, by discussing the merits, we necessarily conclude that, on the basis of the issue and argument raised by the appellant, there *160 is no error. By discussing the merits, we have in fact “reviewed” or “addressed” the claim and found no error. In short, we effectively and necessarily have decided that plain error review is appropriate.
¶47 While there are cases in which I may believe that the claim of error is, in fact and in law, meritorious-/iaai it been objected to-1 may also believe that this Court should not address the claim of error because our plain error review criteria have not been met. Specifically, the error must implicate a fundamental constitutional right. Additionally, we use the plain error review sparingly, on a case-by-case basis, and only where failing to review the claimed error “may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.” State v. West, 2008 MT 338, ¶ 23, 346 Mont. 244, 194 P.3d 683.
¶48 The question of whether the alleged error is in fact error, and the question of whether the claim should be reviewed under the plain error doctrine, are two completely separate inquiries involving different criteria and considerations. Thus, by discussing the merits of the claimed error in explanation of why we are not engaging in plain error review-as we do here and as we did in Jackson and numerous other cases-we simply collapse the claim of error, plain error review, and the merits arguments into one unrecognizable hodgepodge. We have, in fact, “reviewed” or “addressed” the claim and found there to be no error. And, worse, in doing so, we have appeared to set precedent on the merits with what is, essentially, dicta-which of course, one side or the other is always happy to cite as the law.
¶49 While I agree that we should not exercise plain error review here, I do not agree with our approach which goes beyond declining plain error review and, in fact, addresses and resolves the claim of error on the merits, merely giving lip service to the plain error doctrine itself and the rule that we use that doctrine sparingly. A request for plain error review should be denied or granted on the basis of the criteria for plain error review, not on the merits of the underlying argument.
¶50 With that caveat, I otherwise concur in the Court’s Opinion.