FILED

11/07/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0280

DA 22-0280

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 213N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MIKEL STETSON LETHERMAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-21-562
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Appellate Defender, Alexander H. Pyle, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

            Scott Twito, Yellowstone County Attorney, Victoria Calender,
Deputy County Attorney, Billings, Montana

Submitted on Briefs:  September 13, 2023
Decided:  November 7, 2023

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Mikel Stetson Letherman (Letherman) appeals his conviction following a jury trial in the Thirteenth Judicial District Court, Yellowstone County, for bail-jumping.

¶3    Letherman was convicted in a bench trial for driving under the influence.  The District Court released Letherman on his own recognizance.  During the initial sentencing hearing on March 5, 2021, Letherman requested new counsel and the District Court continued the sentencing hearing.  Following a hearing on March 10, 2021, Letherman was allowed to proceed pro se with stand-by counsel and the District Court informed all parties that a sentencing hearing would be scheduled in the near future.  The District Court's Judicial Assistant, Kim Anderson (Anderson), emailed the parties the next day, proposing several dates.  After resolving scheduling conflicts, Letherman and the State agreed to April 21, 2021, for the sentencing hearing.  However, Letherman subsequently emailed Anderson and informed her that he intended to file a motion to continue the hearing.  Letherman filed his motion on April 20, 2021, but the District Court took no action.

¶4    The District Court called the hearing at 2:13 p.m.  Letherman failed to appear.  Letherman's stand-by counsel indicated that she knew Letherman had filed a motion to

continue but that she did not know his whereabouts. The State represented that it had not been contacted by Letherman prior his filing the motion. The District Court informed the parties that Letherman had contacted his assistant but that he had indicated he would be present. Thereafter, the District Court issued a bench warrant.

¶5 Letherman was subsequently charged by information with bail-jumping, in violation of § 45-7-308, MCA. During his jury trial, the State called Anderson as a witness. Anderson testified that on April 20, 2021, Letherman telephoned her and inquired about the status of the hearing scheduled for that day. Anderson informed him that the hearing was still scheduled for 2:00 p.m. Letherman testified that he responded, "be right there." Anderson testified that, other than the one call just prior to the hearing, she received no other calls from Letherman that day. In contrast, Letherman testified that he had called Anderson back approximately 10 to 15 minutes later explaining he was dealing with childcare issues, but that he was on his way. Letherman testified he also called Anderson while in the courthouse parking lot to let her know he was trying to find a place to park. Letherman claimed that Anderson informed him that court had already been adjourned. He asked if there was any point in coming into the courtroom and Letherman testified Anderson said, "[n]o, you'll have to get rescheduled." Letherman did not go back into the courthouse. During the trial, Letherman explained to the jury the various reasons he was having difficulty getting to court and that he had filed a request for continuance.

¶6 Both parties asked the jury to focus on the "without lawful excuse" element of the bail-jumping statute. Section 45-7-308(1), MCA, states that "[a] person commits the

3

offense of bail-jumping if, having been set at liberty by court order, with or without security, upon condition that the person will subsequently appear at a specified time and place, the person purposely fails without lawful excuse to appear at that time and place." The District Court instructed the jury pursuant to the bail-jumping statute, but neither party requested the court provide a jury instruction clarifying what "without lawful excuse" meant.

¶7       As part of the State's closing, the State argued:

> A lawful excuse, ladies and gentlemen, is kind of, I think, what it says. Kind of per the law. Not my law, not because I think that I have an excuse, not because I didn't feel like going to work today. It's a lawful excuse; and in the legal world, as you heard from witnesses, that means an order from a court. It means a judge says. It doesn't mean I say, it doesn't mean that anybody in the County Attorney's Office says, it doesn't mean that the defense says; it means what a court says.

Letherman did not object to any part of the State's argument. He now contends for the first time on appeal that the prosecutor's statements during argument that he needed a "court order" to constitute a lawful excuse amounted to prosecutorial misconduct necessitating plain error review.

¶8       This Court "generally do[es] not address 'prosecutorial misconduct pertaining to a prosecutor's statements not objected to at trial.'" *State v. Mercier*, 2021 MT 12, ¶ 13, 403 Mont. 34, 479 P.3d 967. We may however, "review such issues under the plain error doctrine." *Mercier*, ¶ 13. The plain error doctrine is to be "employed sparingly, on a case-by-case basis . . . ." *State v. Akers*, 2017 MT 311, ¶ 13, 389 Mont. 531, 408 P.3d 142. This Court may elect to review a claim under the plain error doctrine "where failing to

review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *Akers*, ¶ 13. However, "[a] fundamental aspect of 'plain error,' is that the alleged error indeed must be 'plain.'" *State v. Godfrey*, 2004 MT 197, ¶ 38, 322 Mont. 254, 95 P.3d 166. Additionally, "[t]he party requesting reversal because of plain error bears the burden of firmly convincing this Court that the claimed error implicates a fundamental right and that such review is necessary to prevent a manifest miscarriage of justice . . . ." *State v. George*, 2020 MT 56, ¶ 5, 399 Mont. 173, 459 P.3d 854.

¶9    On appeal, Letherman argues that the prosecutor's statements during closing argument about what constituted a lawful excuse compromised the fairness and integrity of the trial and undermined confidence in the verdict. This Court considers "improper statements by the State during closing arguments 'in the context of the entire argument.'" *Mercier*, ¶ 37. Here, viewing the prosecutor's closing argument in its entirety, it is evident the explanation of what constituted a lawful excuse was confined to a small portion of the overall argument. The prosecutor clarified that it was the jury's duty to consider the facts and remain "uninfluenced by passion or prejudice." She urged the jury to closely examine the facts and evidence for inconsistencies in witness testimony and it was the jury's ultimate determination as to the credibility and weight of any testimony or evidence provided. The prosecutor then showed the jury the District Court order setting the date and

time for the sentencing hearing and highlighted that Letherman had been copied on the correspondence to support that he was aware of the time.

¶10 Having presented the State's evidence that Letherman had been set at liberty and was aware of the date and time set for sentencing—as required by § 45-7-308(1)—the prosecutor then discussed the lawful excuse element of the statute. She emphasized that Letherman was not only aware of the date and time for the hearing but had chosen that date. Next, she conceded that Letherman had unsuccessfully attempted to file a motion to continue. Finally, the prosecutor ended by reminding the jury that—contrary to Letherman's testimony—Anderson testified that he did not call her again, he simply did not show up. She stated, "he didn't show up, he didn't call, he didn't call the next day. She testified under oath he never called again."

¶11 In a similar case, we considered whether statements made by a prosecutor during closing argument constituted prosecutorial misconduct requiring reversal under the plain error doctrine. *Mercier*, ¶¶ 34-36. In *Mercier*, the prosecutor responded to prior statements made by defense counsel during the State's closing which Mercier argued were taken out of context and amounted to a "'wholly improper ad hominem attack on defense counsel' and 'create[d] a prejudicial link between defense counsel's alleged immorality and [Mercier's] guilt.'" *Mercier*, ¶ 36. This Court determined the statements did not constitute prosecutorial misconduct because prosecutors may "comment on 'the gravity of the crime charged, the volume of evidence, credibility of witnesses, inferences to be drawn from various phases of evidence, and legal principles involved[.]'" *Mercier*, ¶¶ 37-38. We

6

concluded that although the prosecutor's statements bordered on the edge of inappropriate, when viewing the record as a whole they were not enough to require plain error review. *Mercier*, ¶ 38.

¶12 Here, when viewing the record as a whole the prosecutor's statements during closing argument do not meet the requirements for exercising plain error review. The jury heard Letherman's testimony about the reasons he was unable to appear and that he had filed a motion to continue. The jury heard that he was "trying to act within the law" which, Letherman argued, qualified as a lawful excuse.

¶13 Ultimately, the jury found Letherman guilty after considering all the evidence presented by both parties. On this record, we cannot conclude that failing to exercise plain error review would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process. We cannot conclude that Letherman's fundamental right to a fair trial was implicated. The jury was apprised of all the facts and evidence, including Letherman's reasons for not appearing, and reached a conclusion that he was guilty of bail-jumping. We decline to exercise plain error review of Letherman's alleged claim of prosecutorial misconduct during the State's closing argument.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶15   Affirmed.


                                    /S/ LAURIE McKINNON


We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR