FILED

05/06/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0631

DA 23-0631

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 92

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JAMES HOUSTON PARKER,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC-22-398
Honorable John A. Kutzman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      James C. Murnion, Murnion Law, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Thad Tudor, Assistant
Attorney General, Helena, Montana

      Joshua A. Racki, Cascade County Attorney, Ryan C. Ball, John
Brothers, Deputy County Attorneys, Great Falls, Montana

Submitted on Briefs:  March 19, 2025

Decided:  May 6, 2025

Filed:

_____
Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1 James Houston Parker appeals his May 2023 conviction on jury trial in the Montana Eighth Judicial District Court, Cascade County. We address the following restated issues:

1. *Whether the District Court committed plain error by instructing the jury to convict Parker of tampering with or fabricating physical evidence based on Parker's acting "knowingly" rather than "purposely."*

2. *Whether Parker's counsel rendered ineffective assistance by failing to object to the erroneous jury instruction.*

3. *Whether the prosecutor's furnishing of an erroneous jury instruction constituted prosecutorial misconduct that prejudiced Parker's substantial rights and that entitles Parker to a new trial.*

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 On June 9, 2022, at approximately 4 a.m., officers from the Great Falls Police Department responded to a call from a Town Pump reporting that a woman had been assaulted. When officers arrived, they encountered P.H., who had suffered extensive, disfiguring facial injuries and was unable to speak coherently. Earlier that evening, P.H. had gone to the residence of her friend Denny, Parker's mother, seeking emotional support following a breakup with her boyfriend. Parker lived with Denny and accompanied P.H. to retrieve belongings from her boyfriend's residence and to a convenience store to purchase additional alcohol.

¶3 P.H. returned to Denny's apartment and continued drinking, eventually losing consciousness. At some point thereafter, an unidentified person assaulted her. P.H. did not recall the assault or identify the perpetrator. Investigators determined that P.H. had not

2

been assaulted at her own or her boyfriend's residence and subsequently turned their attention to Parker's residence.

¶4     At Parker's residence, officers observed multiple pools of blood on the sidewalk and a strong smell of bleach.  They found Parker asleep inside the apartment with blood and bleach on his shoes and bleach stains on his socks.  Officers located P.H.'s phone beneath the chair where Parker sat.  Officers also recovered an empty bleach bottle bearing Parker's fingerprint from a nearby dumpster, and Parker's mother informed them that a bottle of bleach was missing from her household supply.

¶5     While executing a body search warrant, officers noted what appeared to be dried blood on Parker's lower lip.  Parker was uncooperative during the evidence collection process and repeatedly licked his lips, preventing officers from swabbing the suspected blood.

¶6     Parker was charged with felony aggravated assault under § 45-5-202, MCA, and two counts of felony tampering with or fabricating physical evidence under § 45-7-207(1)(a), MCA.  The tampering charges were based on allegations that Parker poured bleach on bloodstains outside the apartment and destroyed potential evidence by licking the substance off his lip during the execution of the search warrant.

¶7     At trial, the State introduced physical and forensic evidence, including photographs of the bloodstains, Parker's footwear and clothing, the bleach bottle, and forensic DNA analysis indicating the presence of P.H.'s blood on Parker's shoes.  The defense presented no evidence.  The jury acquitted Parker of the aggravated assault charge but convicted him

3

on both counts of tampering with physical evidence. The District Court committed Parker to the Department of Corrections for consecutive terms totaling six years. Parker appeals.

**STANDARD OF REVIEW**

¶8 This Court generally does not consider issues raised for the first time on appeal. However, we may exercise discretionary review of unpreserved errors under the common law plain error doctrine. *State v. Finley*, 276 Mont. 126, 133-36, 915 P.2d 208, 213-14 (1995), *overruled in part on other grounds by State v. Gallagher*, 2001 MT 39, ¶ 21, 304 Mont. 215, 19 P.3d 817. We invoke the plain error doctrine sparingly, and on a case-by-case basis. *State v. Reim*, 2014 MT 108, ¶ 29, 374 Mont. 487, 323 P.3d 880.

¶9 Jury instructions are reviewed to determine whether, as a whole, they fully and fairly instruct the jury on the applicable law. *State v. Secrease*, 2021 MT 212, ¶ 9, 405 Mont. 229, 493 P.3d 335. Reversible error occurs only if the instruction prejudicially affects the defendant's substantial rights. *See State v. Marfuta*, 2024 MT 245, ¶¶ 36, 41-44, 418 Mont. 353, 557 P.3d 1260.

¶10 Claims of ineffective assistance of counsel are mixed questions of law and fact, which this Court reviews de novo. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861; *State v. Wright*, 2021 MT 239, ¶ 7, 405 Mont. 383, 495 P.3d 435. Such claims are governed by the two-pronged test from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), requiring a showing of deficient performance and resulting prejudice. *State v. Kougl*, 2004 MT 243, ¶ 11, 323 Mont. 6, 97 P.3d 1095.

¶11 Prosecutorial misconduct is generally not reviewed absent an objection at trial. However, where the conduct implicates constitutional rights or threatens the integrity of

4

the trial, we may conduct plain error review. *State v. Polack*, 2021 MT 307, ¶ 9, 406 Mont. 421, 499 P.3d 565; *State v. McDonald*, 2013 MT 97, ¶ 10, 369 Mont. 483, 299 P.3d 799.

**DISCUSSION**

¶12    1. *Whether the District Court committed plain error by instructing the jury to convict Parker of tampering with or fabricating physical evidence based on Parker's acting "knowingly" rather than "purposely."*

¶13    Parker did not object to the jury instruction defining the elements of the offense and asks this Court to reverse his conviction under the common law plain error doctrine. We may, in our discretion, reverse a lower court decision for "plain error" upon an affirmative showing that (1) the error affected a fundamental constitutional right and (2) failure to review and correct the error would result in a manifest miscarriage of justice or otherwise undermine the fundamental fairness of the proceedings or compromise the integrity of the judicial process. *State v. Cole*, 2025 MT 18, ¶ 6, 420 Mont. 231, 562 P.3d 1065; *State v. Akers*, 2017 MT 311, ¶¶ 10, 17, 389 Mont. 531, 408 P.3d 142; *State v. George*, 2020 MT 56, ¶¶ 5-14, 399 Mont. 173, 459 P.3d 854.

¶14    Section 45-7-207(1)(a), MCA, defines the offense of tampering with or fabricating physical evidence as occurring when a person, "believing that an official proceeding or investigation is pending or about to be instituted, alters, destroys, conceals, or removes any record, document, or thing with purpose to impair its verity or availability." The statute plainly requires a purposeful mental state. Under § 45-2-101(65), MCA, a person acts "purposely" if it is the person's conscious object to engage in that conduct or cause that result.

¶15 It is undisputed that the District Court's elements instruction used the term "knowingly" rather than "purposely." This was an error that implicated Parker's constitutional rights under the Sixth and Fourteenth Amendments to the U.S. Constitution and Article II, Sections 17, 24, and 26 of the Montana Constitution to a jury determination of every element of the offense beyond a reasonable doubt. *See Marfuta*, ¶ 37; *State v. Daniels*, 2019 MT 214, ¶¶ 32-33, 397 Mont. 204, 448 P.3d 511. However, we are not firmly convinced that, under the totality of circumstances, the error was so plain and prejudicial that it denied Parker a fair trial and resulted in a miscarriage of justice. *See Cole*, ¶ 6 (citing *George*, ¶ 5); *Akers*, ¶ 17.

¶16 Here, the State presented overwhelming and unrebutted evidence of Parker's purposeful conduct to impair evidence. The bleach was poured directly onto pooled blood, rendering forensic testing impossible and thereby eliminating its evidentiary value. Parker had bleach and blood on his shoes and socks; he lied to officers about using bleach; and his fingerprint was found on a bleach bottle discarded in a dumpster near his residence. Parker also resisted officers' efforts to collect biological evidence from his body by resisting their efforts to photograph or swab what appeared to be dried blood on his lower lip while repeatedly licking his lips in their presence. Unlike in *State v. Johnston*, 2010 MT 152, ¶¶ 15-17, 357 Mont. 46, 237 P.3d 70, where the instructional error reduced the State's burden and the evidence permitted different interpretations, here the evidence overwhelmingly supports a purposeful act. No credible evidence supports a finding that Parker did not act with purpose.

¶17 Parker argues that his acquittal on the assault charge undermines any finding of purpose. But motive is not an element of tampering under § 45-7-207, MCA. One can purposefully impair evidence regardless of guilt for the underlying act. Although the District Court's elements instruction for the tampering charges erroneously substituted "knowingly" for the statutorily required "purposely," it also separately instructed the jury on the correct definition of "purposely." We therefore conclude that the instructions, as a whole, fully and fairly instructed the jury on the elements of the offense, and the jury was not left with a prejudicial misunderstanding of the law that would make Parker's trial fundamentally unfair. *See Marfuta*, ¶¶ 41-44.

¶18 Given the strength of the evidence, no rational jury could have concluded that Parker acted with mere knowledge rather than a conscious objective to impair physical evidence. Under the totality of the circumstances, reversal of Parker's conviction under the plain error doctrine is not warranted in this case.

¶19 2. *Whether Parker's counsel rendered ineffective assistance by failing to object to the erroneous jury instruction.*

¶20 To prevail on a claim of ineffective assistance, a defendant must demonstrate both deficient performance and prejudice. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Kougl*, ¶ 11. We need not address both prongs where one is dispositive. *Golden v. State*, 2014 MT 141, ¶ 15, 375 Mont. 222, 326 P.3d 430. Here, we need not address the first prong because Parker fails to demonstrate that, but for his counsel's alleged error, the outcome would have been different.

7

¶21    Even assuming Parker's counsel performed deficiently by failing to object to the "knowingly" elements instruction, Parker cannot establish a reasonable probability of a different outcome.  The overwhelming evidence that Parker acted with purpose to impair evidence, despite the faulty elements instruction, also precludes a finding of *Strickland* prejudice.    Unlike in *Kougl*, ¶¶ 20-27, where counsel failed to request a mandatory corroboration instruction for accomplice testimony, the omitted objection here did not leave a material defense unsupported.  We find no reasonable probability of a different result had counsel objected.  Parker's claim therefore fails.

¶22    3. *Whether the prosecutor's furnishing of an erroneous jury instruction constituted prosecutorial misconduct that prejudiced Parker's substantial rights and that entitles Parker to a new trial.*

¶23    A prosecutor who knowingly advances a legally incorrect theory that deprives a defendant of a fair trial commits prosecutorial misconduct.  *Akers*, ¶¶ 24–26; *State v. Passmore*, 2010 MT 34, ¶ 48, 355 Mont. 187, 225 P.3d 1229.  While the record reflects that the State proposed the erroneous "knowingly" elements instruction, the prosecutor also offered an instruction quoting § 45-7-207, MCA, verbatim, which includes the correct mental state.  During closing, the State emphasized facts demonstrating Parker's intent but did not affirmatively misstate the law.

¶24    While we disapprove of the State's failure to propose an instruction conforming to the statutory mental state, we find no basis for reversal.  The trial court separately instructed the jury on the correct definition of "purposely," and there is no indication that the prosecutor capitalized on the error because the prosecutor did not mislead the jury during closing argument.  *See State v. Ritesman*, 2018 MT 55, ¶¶ 21-27, 390 Mont. 399, 414 P.3d

8

261. When viewed in context, we cannot conclude the prosecutor engaged in a knowing bad-faith scheme to mislead the jury. We therefore reject Parker's claim of prosecutorial misconduct.

## CONCLUSION

¶25 After full consideration of the record, the controlling law, and the parties' arguments, we hold that Parker received a fair trial and that none of his asserted claims warrant reversal. Although the District Court's instruction on the elements of tampering erroneously used "knowingly" instead of the statutory term "purposely," the error did not render Parker's trial fundamentally unfair or his conviction a miscarriage of justice. The State presented overwhelming and unrebutted evidence that Parker acted with the conscious object to impair the availability of physical evidence, as required by § 45-7-207(1)(a), MCA.

¶26 Parker's ineffective assistance of counsel claim fails for similar reasons. Even assuming counsel's performance was deficient in failing to object to the instruction, Parker has not established a reasonable probability that the verdict would have been different.

¶27 Finally, Parker's prosecutorial misconduct claim is unavailing. The record does not show that the State knowingly exploited the instructional error or otherwise deprived Parker of a fundamentally fair proceeding. Affirmed.

/S/ KATHERINE M BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON

9