DA 22-0597

FILED

06/17/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0597

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 128N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

CAVEY LITTLE ROSSBACH,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DC-20-46
Honorable Leslie Halligan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Layla Turman, Kindred Legal, PLLC, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Tammy K Plubell,
Assistant Attorney General, Helena, Montana

      Jania Hatfield, Sanders County Attorney, Dan Guzynski, Selene
Koepke, Special Deputy County Attorneys, Helena, Montana

      Submitted on Briefs:  April 23, 2025

      Decided:  June 17, 2025

Filed:

          _____
                   Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Cavey Rossbach appeals the August 26, 2022 Judgment of the Twentieth Judicial District Court, Sanders County. The Judgment sentenced Rossbach to 90 years in Montana State Prison, none suspended, for deliberate homicide and an additional 10 years for the use of a dangerous weapon.

¶3 Rossbach asserts two issues on appeal: (1) whether the District Court prejudiced Rossbach's right to trial when it did not provide a defense of others jury instruction, and (2) whether Rossbach received ineffective assistance of counsel when his counsel did not request a defense of others jury instruction.

¶4 On October 5, 2018, Rossbach returned to his home in Dixon Agency after working for Kelly Tree Service in Lolo for an extended time. Rossbach was intoxicated when he returned and became angry when he discovered his brother had left marijuana plants in his basement. Rossbach walked to his brother's house down the street and yelled at him for putting the plants there. When Rossbach was returning to his own house, he stopped at his next-door neighbor's house to visit George Coffey.

¶5 Rossbach discovered George's front door was open. Inside the house, George's daughter Rainey was sitting at the kitchen table with William Conko-Camel (Bill) using

2

methamphetamine. This upset Rossbach because he knew George had just returned from prison and would get in trouble if law enforcement discovered drugs in his house. Rossbach confronted Rainey about the issue, and Bill retorted. There was a verbal escalation between Rossbach and Bill until Rossbach punched Bill, knocking him out. When Bill regained consciousness, he allegedly struck Rossbach with a hammer in the face. Rossbach's son Preston and friend Ty had entered the house while Rossbach was conversing with Rainey. After Bill hit Rossbach in the face with the hammer, Rossbach kicked Bill and tried to flee the house with Preston and Ty. Bill struck Rossbach in the shoulder with the hammer as they were leaving, and Preston grabbed the hammer from Bill and kicked him back into the house. Preston helped Rossbach up from the ground, and they retreated to Rossbach's yard.

¶6 Bill followed them out of the house and stopped at his truck. Rossbach testified Bill was rummaging in his truck, supposedly for a weapon. Bill continued to follow Rossbach down the street. According to Rossbach, Bill repeatedly shouted that he was going to kill Rossbach and his family. Preston ran into Rossbach's house and retrieved a gun. He returned outside, and Rossbach took the gun from Preston. Rossbach warned Bill to stop approaching him. As it was dark, with no nearby streetlights, Rossbach could only hear Bill's approaching footsteps and see the silhouette of Bill's outline. When Bill did not heed Rossbach's warnings, Rossbach repeatedly shot towards Bill's silhouette, killing him. The autopsy on Bill showed five different projectiles struck his body.

¶7 Rossbach's trial was held on April 11, 2022. After the presentation of evidence, the State submitted its proposed jury instructions. The defense objected to two of them. The

first related to an initial aggressor instruction, which the court delayed ruling on. The second related to the confusing wording of the purposely or knowingly causing the death of another portion of the deliberate homicide definition, and the State withdrew that instruction. The defense stipulated to the remaining jury instructions.

¶8 The instructions relevant to this appeal relate to self-defense and defense to prevent a forcible felony. Instruction no. 23, regarding self-defense, stated:

> A person is justified in the use of force or threat to use force when and to the extent he reasonably believes that such conduct is necessary to defend himself against the imminent use of unlawful force[.]
> However, a person is justified in the use of force which is intended or likely to cause death or serious bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or serious harm to himself or commission of a forcible felony.

Instruction no. 26 defined "forcible felony" as "a felony that involves the use or threat of physical force or violence against any individual." The defense did not object to either of these instructions. The jury found Rossbach guilty of deliberate homicide with a dangerous weapon on April 19, 2022.

¶9 This Court generally does not hear unpreserved issues on appeal; however, we may discretionarily review unpreserved claims implicating the defendant's fundamental rights under the plain error doctrine. *State v. George*, 2020 MT 56, ¶ 4, 399 Mont. 173, 459 P.3d 854. We review a district court's decisions regarding jury instructions for abuse of discretion. *State v. King*, 2016 MT 323, ¶ 7, 385 Mont. 483, 385 P.3d 561. We review whether the instructions, considered as a whole, fully and fairly instruct the jury on the law applicable to the case. *King*, ¶ 7. To determine if plain error analysis is necessary, we first ask whether the alleged error implicates a fundamental right. *George*, ¶ 5. Next, we ask

4

if failure to review the alleged error would result in a manifest miscarriage of justice, leave unsettled a question of fundamental fairness of the proceedings, or compromise the integrity of the judicial process. *George*, ¶ 5.

¶10     Rossbach asserts he presented evidence for both self-defense and defense of his family at trial. Rossbach claims the District Court had a duty to provide a jury instruction for each of those theories, but it failed to give an appropriate instruction for defense of others. The State counters that the District Court provided a jury instruction for justifiable use of force in the prevention of a forcible felony—*i.e.*, a defense of others instruction. According to the State, the jury convicted Rossbach based on evidence proving that his use of deadly force was not justified to protect either himself or others.

¶11     A district court must instruct the jury on every issue or theory supported by the evidence. *State v. Erickson*, 2014 MT 304, ¶ 35, 377 Mont. 84, 338 P.3d 598. A district court does not abuse its discretion by giving an instruction if it is supported by direct evidence or a logical inference from the evidence presented. *Erickson*, ¶ 35. It is reversible error for a district court to give conflicting instructions on a material issue. *King*, ¶ 10.

¶12     Here, the District Court instructed the jury that a person is justified in the use of deadly force if the person reasonably believes it is necessary to prevent the commission of a forcible felony. The District Court further defined "forcible felony" as "a felony that involves the use or threat of physical force or violence against any individual." The instruction made it clear that deadly force may be used when the defendant reasonably believes it is necessary to protect against the use or threat of physical violence against any

5

individual.  Thus, the District Court made it clear to the jury that Rossbach could have been acting to protect himself or any other individual from physical violence.

¶13     Based on the evidence presented at trial, we do not find the District Court abused its discretion with the jury instructions it provided.  The court fully and fairly explained to the jury that use of deadly force to protect others from a forcible felony was acceptable. However, based on the evidence presented at trial, the jury found Rossbach was not justified in using the amount of force he did to protect himself or his family in that situation. As such, there is no implication of Rossbach's fundamental right to a fair trial, and we decline to invoke plain error review.

¶14     Next, we consider whether Rossbach's trial counsel provided ineffective assistance by not requesting a defense of others jury instruction.  Ineffective assistance of counsel (IAC) claims are mixed questions of law and fact that we review de novo.  *State v. Secrease*, 2021 MT 212, ¶ 9, 405 Mont. 229, 493 P.3d 335.  "Article II, Section 24 of the Montana Constitution and the Sixth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, guarantee a defendant the right to effective assistance of counsel." *Secrease*, ¶ 13 (citation omitted).  When reviewing IAC claims, we apply a two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  *Secrease*, ¶ 13.  Under *Strickland*, the defendant must (1) show how counsel's performance was deficient or fell below an objective standard of reasonableness and (2) demonstrate prejudice by showing that there was a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Secrease*, ¶ 13.

6

¶15 When raised on direct appeal, we must first determine if IAC claims would be more appropriately addressed in a post-conviction relief proceeding. *State v. Rodriguez*, 2021 MT 65, ¶ 31, 403 Mont. 360, 483 P.3d 1080. When there is no plausible justification for the actions or omissions of defense counsel, then IAC claims are appropriate for direct appeal. *Secrease*, ¶ 14.

¶16 Here, the actions or omissions in question are defense counsel's alleged failure to request a jury instruction relating to Rossbach's ability to forcefully defend his family. During the trial, Rossbach's counsel did not object to the State's proposed instructions for self-defense and forcible felony. The parties discussed a few unrelated instructions, and defense counsel stipulated to the rest. Based on the discussions involving the jury instructions and the plain reading of the instructions given, there is a plausible justification for defense counsel's actions—it is plausible defense counsel did not request an explicit defense of others instruction because the inclusion of the forcible felony instruction encompassed the defense of others.

¶17 Even if Rossbach's defense counsel had requested a more explicit defense of others instruction, the result likely would have been the same. The jury weighed the trial evidence—including the fact Bill did not have a weapon, the distance Rossbach shot from and number of times he shot, Rossbach's wife's and son's testimony that they did not feel like they were in danger, and the fact Preston and Ty were behind Bill when Rossbach shot—and determined Rossbach's use of force was not justified in protecting himself or anyone else present at the scene.

¶18    Accordingly, because there is a plausible justification for counsel's actions, Rossbach has not established the two *Strickland* requirements for an IAC claim, and we decline to review the issue further.

¶19    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶20    Affirmed.

                                        /S/ INGRID GUSTAFSON


We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M BIDEGARAY
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA