FILED

04/21/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0641

DA 23-0641

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 84

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

THOMAS JERRY HILL,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-21-613
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      James M. Siegman, Attorney at Law, Jackson, Mississippi

      For Appellee:

      Austin Knudsen, Montana Attorney General, Christine Hutchison, Assistant Attorney General, Helena, Montana

      Matt Jennings, Missoula County Attorney, Brittany Williams, Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  February 25, 2026

Decided:  April 21, 2026

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Thomas Jerry Hill appeals his conviction of attempted robbery from the Fourth Judicial District Court upon his plea of guilty.  At his change of plea hearing, Hill raised concern about a speedy trial violation and said he wanted to "keep that on record."  When the State pointed out that no such motion had been filed, the District Court noted Hill's concern but said it would not receive briefs on the issue.  Hill alleges that the District Court's refusal to accept briefs was an abuse of discretion and, alternatively, if not preserved, that we should review his claim for plain error.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2    In October 2021, Hill was arrested and appeared before the Missoula County Justice Court on charges of robbery and disorderly conduct.  He was held at Montana State Hospital (MSH) and later transferred to the Missoula County Detention Facility (MCDF).  At his arraignment hearing on November 8, 2021, Hill's counsel raised concerns about his fitness to stand trial.  In December 2021, defense counsel reported to the court that providers found Hill unfit to proceed.  Defense counsel requested a 90-day evaluation.  The court ordered that MSH evaluate Hill and stayed proceedings pending MSH's mental health evaluation.  The District Court ordered transport from MCDF once a bed became available at MSH.

¶3    MSH admitted Hill in July 2022 and evaluated him the following month.  In September 2022, MSH completed the requested mental health evaluation.  MSH found Hill unfit to proceed, noting that a major impediment was his refusal to take psychotropic

2

medication. That same month, the State moved for a *Sell* hearing. *See Sell v. United States*, 539 U.S. 166, 123 S. Ct. 2174 (2003). In October 2022, the District Court granted the State's motion, extending Hill's stay at MSH an additional 90 days and authorizing involuntary administration of medication. In January 2023, providers reported that Hill was still unfit to stand trial, leading the court to extend his commitment for another 90 days.

¶4     At a status hearing held on April 20, 2023, defense counsel reported that Hill was fit to proceed to trial. The State informed the court that it provided an omnibus form and plea offer to Hill and requested a continuance to work on resolution of the plea. At Hill's scheduled omnibus hearing on June 21, 2023, the court remarked that from its review of the record, the court had not held an arraignment due to Hill's immediate and apparent fitness issues. The court arraigned Hill, and Hill pleaded not guilty to both counts against him.

¶5     On July 6, 2023, the parties reached a plea agreement. The State agreed to dismiss Count II's charge of disorderly conduct and to amend Count I from a charge of robbery to attempted robbery, to which Hill agreed to plead guilty. At the change of plea hearing held that same day, Hill informed the court that he had read and signed the plea agreement. The following exchange ensued:

> [Court]: Do you have any outstanding concerns or issues about the case?
>
> [Hill]: I believe I had a speedy trial violation. I want to keep that on record.
>
> [Court]: Okay. But is there some provision in the plea agreement to raise this after change of plea to the [c]ourt, the Supreme Court, or what?

3

[State]: Judge, I haven't had this issue come up with a speedy trial violation. I've had instances where evidentiary issues have been briefed and defendants have been ruled against and I have been willing to allow them to appeal that issue. But given that this hasn't been briefed at this level, I am not certain how that would work reserving that right. But if the Defendant would like to just have that for the record and pursue that post-disposition, I don't have an objection to that. My motion in limine laid out the procedural history of this case quite well. So I don't have an objection to that if he wants to just note that for the record.

[Court]: So we are noting it for the record. There will be no briefs submitted to me. That's not to say that you can't possibly raise it after sentencing.

Defense counsel did not lodge any objections, nor did counsel file any motions regarding Hill's statements. Hill admitted to the facts alleged, and the court accepted the plea as voluntary, intelligent, and knowing and entered the plea. The District Court sentenced Hill on September 6, 2023, to ten years with the Department of Public Health and Human Services, with a stipulated credit of 688 days.

**STANDARD OF REVIEW**

¶6 This Court reviews trial administration issues for abuse of discretion. *State v. Rossbach*, 2022 MT 2, ¶ 9, 407 Mont. 55, 501 P.3d 914. We generally will not review issues raised for the first time on appeal. *State v. George*, 2020 MT 56, ¶ 4, 399 Mont. 173, 459 P.3d 854. Within its discretion, this Court may review unpreserved claims in criminal cases under the plain-error doctrine. *George*, ¶ 4. Such review is employed "sparingly, on a case-by-case basis, considering the totality of circumstances of each case." *George*, ¶ 5 (internal quotations omitted; citation omitted). The defendant may not simply request plain-error review but, instead, bears the burden of "firmly convincing this Court" that the error affects a fundamental right and "review is necessary to prevent a manifest

4

miscarriage of justice or that failure to review the claim may leave unsettled the question of fundamental fairness of the proceedings or may compromise the integrity of the judicial process." *George*, ¶ 5 (citations omitted).

**DISCUSSION**

¶7 A defendant "waives the right to appeal all nonjurisdictional defects upon voluntarily and knowingly entering a guilty plea, including claims of constitutional violation which may have occurred prior to the plea." *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804 (citation omitted). Once entered, a defendant's challenge to trial proceedings "may only attack the voluntary and intelligent character of his plea." *Violette*, ¶ 16 (citation omitted). Though § 46-12-204, MCA, allows the defendant to reserve the right to appeal certain pre-trial rulings, there must "be an adverse ruling on the motion prior to the plea." *Violette*, ¶ 16.

¶8 In *Violette*, at the change of plea hearing, the defendant made an oral motion to dismiss the case based on a speedy trial violation but also agreed to have the district court accept the plea. *Violette*, ¶ 15. After allowing briefing on the motion, the district court denied the defendant's speedy trial motion. *Violette*, ¶ 15. The defendant challenged the court's denial of his motion to dismiss for lack of a speedy trial. *Violette*, ¶ 11. We held that the defendant did not properly preserve the speedy trial issue. *Violette*, ¶¶ 15-16. We explained that "[a]lthough the District Court allowed [the defendant] to enter a plea and then brief and argue the denial of a speedy trial, the parties and the courts cannot devise

5

procedures not contemplated by the rules of criminal and appellate procedure." *Violette*, ¶¶ 15-17. The issue was not properly preserved. *Violette*, ¶ 16.

¶9 The court here afforded Hill a courtesy when it allowed him to place the speedy trial issue "on the record" for potential consideration at some point in the future. On appeal, Hill argues that the District Court refused briefing on his speedy trial motion. But the court cannot ignore the rules of criminal and appellate procedure to allow for that briefing. Because Hill signed the plea agreement and agreed to entry of a guilty plea, he waived his speedy trial issue. Hill needed to raise the claim by appropriate motion before pleading guilty, receive an adverse ruling, and reserve his claim for appeal to properly raise it for direct appellate review. The State alluded to this when it stated, "I'm not certain how that would work reserving that right." After the court's discussion with the State, Hill did not ask for a continuance or otherwise attempt to submit briefing on the speedy trial issue before the court accepted the plea. Instead, Hill admitted to the material facts, provided an intelligent and voluntary plea, and agreed that the court should accept his plea of guilty. "Noting it for the record" was insufficient to preserve the speedy trial issue for appellate review.

¶10 We hold that Hill has failed to meet his heavy burden to justify this Court's plain-error review. The District Court's acceptance of Hill's plea and imposition of sentence without ruling on the speedy trial issue was not a manifest miscarriage of justice. The District Court appropriately stayed proceedings until Hill was fit and then entered Hill's intelligent, knowing, and voluntary plea. The parties stipulated to and the court

credited Hill with the time spent evaluating and attaining Hill's fitness. We are not persuaded that the District Court's handling of Hill's speedy trial comment compromised the fundamental fairness or integrity of Hill's proceedings. *George*, ¶ 5 (citations omitted).

**CONCLUSION**

¶11 Having reviewed the briefs and the record on appeal, we conclude that Hill has not met his burden of persuasion. We decline to exercise plain-error review. The District Court's judgment is affirmed.

/S/ BETH BAKER

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE